**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONVERSE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-01843-MTS |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Converse Inc.'s ("Converse" or "Plaintiff") Motion for Preliminary Injunction.  Doc. [30].  No party has opposed the Motion, and the time for doing so has elapsed.  For the reasons that follow, the Court will enter the unopposed preliminary injunction that Converse seeks.[1]

\*

Converse asserts one count of Trademark Infringement and Counterfeiting, *see* 15 U.S.C. § 1114, and another for False Designation of Origin, *see id.* at § 1125(a), against sixty-four individuals and business entities (the "Defendants"), each of whom operates an e-commerce store that advertises and sells products violating the following trademarks:

---

[1] The Court declines to hold an evidentiary hearing on Converse's Motion because, on the current record, there is no "material factual controversy."  *See United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002).

| Registration Number | Trademark |
|---|---|
| 1,654,951 | |
| 3,175,430 | CONVERSE |
| 3,258,103 | |
| 4,062,112 | |
| 4,065,482 | |
| 4,398,753 | |

Doc. [1] at 5; Doc. [1-1].

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989). Four factors apply: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other [litigants]; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). As the Court previously concluded, *see* Doc. [26], all four factors weigh in favor of issuing a preliminary injunction here.

As before, Converse has shown that it will likely succeed on the merits. In the absence of adversarial presentation, the Court concludes that it has personal jurisdiction over the Defendants, *see NBA Props. Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2022) (finding personal jurisdiction over defendant that "availed itself of the [relevant] market in offering and shipping a product to the forum"), and Converse has demonstrated a likelihood of success on its infringement claims because it has shown "a valid, protectable mark" and that "there is a likelihood of confusion between [Converse's] mark and the marks that [Defendants are] using." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023); *see* Doc. [16] ¶ 31; Doc. [1-1]. Further, Converse has demonstrated sufficient irreparable harm because its consumers will likely be confused by the Defendants' infringing conduct, *see Coca-Cola Co. v. Purdy*, 382 F.3d 774, 789 (8th Cir.

- 3 -

2004), and there is "a loss of intangible assets like reputation and goodwill," *see United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002).

Additionally, the balance of the equities favors Converse as the trademark owner. *See Krause Int'l, Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587–88 (D.D.C. 1994); *see also Powerlift Door Consultants, Inc. v. Shepard*, 0:21-cv-1316-WMW-ECW, 2021 WL 2911177, at *7 (D. Minn. July 12, 2021) (entering a preliminary injunction and describing the "self-inflicted" harm that infringers suffer when enjoined); *accord Buffalo Wild Wings Int'l, Inc. v. Grand Canyon Equity Partners, LLC*, 829 F. Supp. 2d 836, 846 (D. Minn. 2011) (balancing the equities in favor of trademark owner in part because defendants "brought this harm upon themselves through their non-payment and infringement"). And the injunctive relief Converse seeks is in the public interest because "protecting property rights, including plaintiff's trademark, is obviously in the public interest," *Xiem Studio, LLC v. Nguyen*, 4:14-cv-1366-CEJ, 2015 WL 3795852, at *3 (E.D. Mo. June 18, 2015), as is "avoiding consumer confusion," *Anheuser-Busch, Inc. v. Balducci Publications*, 28 F.3d 769, 776 (8th Cir. 1994), and "ensuring that defendants do not fraudulently or otherwise transfer assets during litigation to circumvent recovery by a wronged plaintiff," *MeccaTech, Inc. v. Kiser*, 8:05-cv-0570-LSC, 2008 WL 934366, at *4 (D. Neb. Apr. 1, 2008). Therefore, for the same reasons that the Court entered a Temporary Restraining Order in this action, a preliminary injunction is appropriate as well. *See* Doc. [26].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Converse Inc.'s unopposed Motion for Preliminary Injunction, Doc. [30], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to **UNSEAL** any sealed documents filed in this matter.  The Clerk of Court shall also detach and file Document [6-1], and title the document Schedule A to the Complaint.

**IT IS FINALLY ORDERED** that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

> a. using the Converse Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Converse product or not authorized by Converse to be sold in connection with the Converse Trademarks;

> b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Converse product or any other product produced by Converse, that is not Converse's or not produced under the authorization, control, or supervision of Converse and approved by Converse for sale under the Converse Trademarks;

> c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Converse, or are sponsored by, approved by, or otherwise connected with Converse;

- 5 -

    d. further infringing the Converse Trademarks and damaging Converse's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Converse, nor authorized by Converse to be sold or offered for sale, and which bear any of Converse's trademarks, including the Converse Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Converse's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd. ("Alibaba"), AliExpress E-Commerce One Pte. Ltd. ("AliExpress"), Amazon.com Inc. ("Amazon"), eBay, Inc. ("eBay"), Whaleco, Inc. d/b/a Temu ("Temu"), and ContextLogic Inc. d/b/a Wish.com ("Wish.com"), (collectively, the "Third-Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Converse expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information,

including, without limitation, identifying information associated with the Online Marketplaces, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, eBay, AliExpress, Alibaba, Wish.com, Walmart, or other merchant account providers, payment providers, third-party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Converse's request, those with notice of the preliminary injunction, including the Third Pary Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Converse Trademarks.

4. Defendants shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third-Party Providers, including Alibaba, AliExpress, Amazon, eBay, Temu, and Wish.com, shall, within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants and the Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.      Converse is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a.  the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b.  the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

    c.  Converse is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7.      The ten-thousand-dollar ($10,000) bond posted by Plaintiff, Doc. [27], shall remain with the Court until a final disposition of this case or the Preliminary Injunction is dissolved.

8.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Missouri.

Dated this 15th day of May 2026.

                                                      _____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE